# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

EARL C. OGDEN,

    Plaintiff,

VS.                              Case No. 4:15cv361-WS/CAS

JULIE L. JONES,

    Defendant,
_____/

## REPORT AND RECOMMENDATION

    This case was initiated on July 22, 2015. Plaintiff, proceeding pro se, filed a complaint, ECF No. 1, but did not pay the filing fee or submit an in forma pauperis motion. An Order was entered on July 23, 2015, directing Plaintiff to either pay the fee or file the in forma pauperis motion if he desired to continue this case. ECF No. 2. On August 26, 2015, Plaintiff filed a motion for an extension of time. ECF No. 3. Plaintiff said he needed more time because the Department of Corrections has not sent him the "six month print out" of his inmate bank account. *Id.* Plaintiff's request was granted and he was directed to file the in forma pauperis motion by September 28, 2015. ECF No. 4.

On October 2, 2015, Plaintiff filed his second motion for an extension of time. ECF No. 5. Plaintiff said he was pursuing the grievance process to obtain his inmate bank statement. *Id.* Again, Plaintiff's request was granted and he was given until October 28, 2015, to file the motion. ECF No. 6.

On November 2, 2015, Plaintiff filed a third motion for extension of time. ECF No. 7. In this motion, Plaintiff said he was "currently housed in infirmary due to medical problems and" needed more time to "retrieve [his] records and access the law library." *Id.* Once again, that motion was granted. ECF No. 8. This time, however, the Order advised Plaintiff that "[n]o further extensions of time [would] be granted without good cause shown." *Id.*

Plaintiff filed a fourth motion for extension of time on December 1, 2015. ECF No. 9. In support of the motion, Plaintiff states only that he is in the medical infirmary and "does not have access to the law library for copies of his (IFP) & printout." *Id.*

Judicial notice is taken of the Rules of the Department of Corrections. Pursuant to Rule 33-203.201, when inmates needs to demonstrate "indigence to the courts, inmates shall be provided with copies of printouts

of their trust fund activity for the previous six months upon presentation of information demonstrating litigation – case number (if known), court, completed affidavit of indigency – attached to an inmate request." FLA. STAT. § 33-203.201(12). "The printout shall be provided to the inmate by the Bureau of Finance and Accounting, Inmate Trust Fund Section, within 10 working days of receipt of the request." *Id.* In addition, inmates are "provided monthly statements detailing the activity in their trust fund accounts." FLA. STAT. § 33-203.201(11). Inmate request forms are available throughout the prison and Plaintiff did not need access to the law library to request his inmate account statement. Considering this case was initiated in July, Plaintiff could have submitted the monthly statement he received each month and he now would have provided six months of his inmate bank account statements.

Furthermore, inmates who are in a medical or mental health unit are permitted "to correspond with the law library, to have the law library deliver legal materials to their cells, and" have inmate law clerks come to their cells for assistance. FLA. STAT. § 33-501.301(4)(a). The rules specifically provide that "[i]nmates who are temporarily housed in institutional infirmaries or hospitals, or who are on medical or dental lay-in, and who are

unable to visit the law library due to medical or treatment reasons, shall be permitted to have access to their personal legal papers and law books, to correspond with the law library, to have the law library materials delivered to them, and to visit with inmate law clerks unless medical or security requirements prevent it." FLA. STAT. § 33-501.301(4)(e). "These inmates may secure legal assistance by contacting the law library supervisor." *Id.* "Upon receipt of an oral request or Form DC6-236, Inmate Request, or a referral from medical or dormitory staff, the law library supervisor shall assign an inmate law clerk to provide legal assistance to the inmate." *Id.* Even assuming Plaintiff has been in the medical infirmary for the past two months, he could have received assistance in obtaining his inmate account statements.

    Plaintiff has now had six months in which to comply with a simple order. He was warned that no further extensions of time would be granted without showing good cause. Plaintiff provided the barest of explanations for his request, the same reason previously given, and he has not shown good cause. Accordingly, this case should be dismissed without prejudice. Plaintiff may re-file this case at such time he is able to simultaneously submit a properly supported in forma pauperis motion or pay the filing fee.

Case No. 4:15cv361-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to comply with court orders and Plaintiff's request for additional time to file an in forma pauperis motion, ECF No. 9, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 3, 2015.

    s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**